IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 14-cr-20020-STA |
| | ) |
| COURTNEY SIMMONS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant seeks relief under the First Step Act of 2018 which enables a defendant to file a motion for compassionate release directly with the district court, assuming exhaustion of administrative remedies. (ECF Nos. 72, 73.) *See*, *e.g.*, *United States v. Young*, 2020 WL 1047815, at *2 (M.D. Tenn. Mar. 4, 2020) (explaining requirements of the First Step Act). Prior to the passage of the First Step Act, a court could only consider a motion for compassionate release from the Director of the Bureau of Prisons. However, section 603 of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a defendant the opportunity to appeal the denial of a request for compassionate release after exhausting his administrative remedies or if the warden failed to act within thirty days from receiving a request for compassionate release. Pub. L. No. 115-391, § 603(b).

In the present case, Defendant does not assert and the Court has no evidence that Defendant has exhausted his administrative remedies. Accordingly, the Court cannot act on Defendant's present request for compassionate release. Defendant may file a motion for

compassionate release after he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

                                            Date:  April 16, 2020